1 | KRISTIN L. WALKER-PROBST (State Bar No. 206389)
klw@severson.com
2 | DAVID M. LIU (State Bar No. 216311)
dml@severson.com
3 | SEVERSON & WERSON
A Professional Corporation
4 | The Atrium
19100 Von Karman Avenue, Suite 700
5 | Irvine, California 92612
Telephone: (949) 442-7110
6 | Facsimile: (949) 442-7118

7 | Attorneys for Defendant
OLD REPUBLIC DEFAULT MANAGEMENT SERVICES,
8 | a Division of Old Republic National Title Company

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORI CIOCIOLO, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>BARCLAYS BANK, PLC, a subsidiary of BARCLAYS PLC, as successor in interest to LEHMAN BROTHERS BANK, FSB, a national banking institution; AURORA LAON SERVICES LLC, a business entity; NATIONSTAR MORTGAGE LLC, a business entity; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, a business entity; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a business entity; and DOES 1 through 10 inclusive,<br><br>          Defendants. | Case No. CV13-03929 MEJ<br>Hon. Magistrate Judge Maria-Elena James<br>Ctrm. B, 15th floor<br><br>**DEFENDANT OLD REPUBLIC DEFAULT MANAGEMENT SERVICES' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); OR ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:         May 1, 2014<br>Time:        10:00 a.m.<br>Crtrm.:       B, 15th floor<br>Location:    San Francisco Courthouse,<br>                  Courtroom B - 15th Floor<br>                  450 Golden Gate Avenue,<br>                  San Francisco, CA 94102<br><br>Action Filed:   July 22, 2013<br>Trial Date:     None Set |

12219.0058/3126073.1

PLEASE TAKE NOTICE that on Thursday, May 1, 2014, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom B, 15th Floor, of the United States District Court for the Northern District of California, Magistrate Maria-Elena James presiding, located at San Francisco Courthouse, Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, defendant Old Republic Default Management Services, a Division of Old Republic National Title Insurance Company, will move the Court for an order dismissing all of the claims asserted in the complaint on the basis that each claim fails to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Old Republic moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

This motion is based upon this notice of motion and motion, the following memorandum of points and authorities, the request for judicial notice, the complaint, and such other and further matter as may be presented to the Court at or before the time set for the hearing on this matter.

DATED: March 19, 2014

SEVERSON & WERSON
A Professional Corporation

By: */s/David M. Liu*
DAVID M. LIU

Attorneys for Defendants
OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, a Division of Old Republic National Title Insurance Company

12219.0058/3126073.1

-i-

NOTICE AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Dori Ciociolo alleges that she obtained a residential loan in December 2006 from Lehman Brothers. Plaintiff alleges she thought she had a fixed rate loan, but that she was actually given an adjustable rate mortgage, and further alleges that she should not have qualified for the loan, in the first place. *See* Compl., ¶¶ 24 to 57. Plaintiff's second theory of liability is that defendant Aurora began servicing the loan, allegedly misapplied credits and inaccurately accounted for the loan. *See id*., ¶¶ 69 to 93.

As against defendant Old Republic Default Management Services ("Old Republic"), plaintiff alleges that it is a lienholder and did not provide plaintiff with any alternatives to foreclosure. But the judicially noticeable documents show that Old Republic has no interest in the subject property because it is only the trustee under a deed of trust. The judicially noticeable documents show that Old Republic only recorded foreclosure documents on the property after plaintiff defaulted on the loan. And as a matter of law, a trustee such as Old Republic plays a limited role in the foreclosure process and met all its duties as required by statute or by the deed of trust.

As none of the claims are sufficiently-pleaded against Old Republic, the motion to dismiss should be granted.

## II. FACTUAL BACKGROUND

### A. Loan And Foreclosure History

In a deed of trust between plaintiff (and non-party David Sloane) and Lehman Brothers Bank, FSB, dated December 7, 2006, plaintiff obtained a $650,000 loan on the real property (the "Deed of Trust") located at 2087 Blucher Valley Road, Sebastopol, California 95472 (the "Property"). *See* Ex. 1 to Old Republic's Request for Judicial Notice ("RJN").

On April 26, 2011, the Deed of Trust was assigned to Aurora Loan Services, LLC. *See* Ex. 2 to RJN. On December 8, 2011, the Deed of Trust was assigned to Aurora Bank, FSB. *See* Ex. 3 to RJN. On June 29, 2012, the Deed of Trust was assigned to Nationstar Mortgage, LLC. See Ex. 4 to RJN.

On September 21, 2012, the trustee on the Deed of Trust was changed to Old Republic. *See* Ex. 5 to RJN.

Plaintiff defaulted on the Deed of Trust and a notice of default was recorded against the Property on March 27, 2013.  *See* Ex. 6 to RJN.  On July 23, 2013, a Notice of Rescission of the Notice of Default was recorded against the Property.  *See* Ex. 7 to RJN.

### B.    Procedural History

On July 22, 2013, plaintiff filed this action in the Sonoma County Superior Court (the "State Court Action").  On July 29, 2013, Old Republic filed its Declaration of Non-Monetary Status ("DNMS") in the State Court Action.  Pursuant to California Civil Code § 2924*l*(d), if no objection is filed to the DNMS, then Old Republic will not be required to participate further in the proceeding.  Plaintiff did not file an objection to the DNMS in the State Court Action.

On August 23, 2013, Defendants Aurora Commercial Corp., Aurora Loan Service, LLC, Nationstar Mortgage, LLC and Mortgage Electronic Registration Systems, Inc., removed this action.  Old Republic has not yet filed an answer or other responsive pleading in federal ourt.

## III.   ARGUMENT

### A.    Standards For Motion To Dismiss And For Judgment On The Pleadings

Federal Rule of Civil Procedure 12(b)(6) provides that a pleading may be challenged and dismissed for failing to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to plead facts essential to state a cognizable legal theory.  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences are insufficient to defeat a motion to dismiss.  *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 n.5 (9th Cir. 2005); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  "Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true,] there is no issue of material fact in

1  dispute, and the moving party is entitled to judgment as a matter of law." *Id*. "[W]e have said that

2  Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review"

3  applies to motions brought under either rule.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.,*

4  *Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

5        The complaint must do more than allege mere "labels and conclusions" or "a formulaic

6  recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A

7  pleading does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual

8  enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

9  (2007)). Rather, it must give the defendant fair notice of the nature of the claim and the grounds

10 upon which it rests. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). In the absence of

11 such factual allegations, a district court must dismiss the pleading because "the tenet that a court

12 must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of

13 action's elements, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1940 (citing

14 *Twombly*, 550 U.S. at 555).

15       Facts subject to judicial notice may be considered on a motion to dismiss. *See Mullis v.*

16 *United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). While the Court accepts as

17 true the well-pleaded facts of a complaint when deciding a motion to dismiss, the Court need not

18 accept as true a conclusory allegation that directly contradicts a judicially noticeable fact. *See*, *e.g.*,

19 *Sprewell*, *supra*, 266 F.3d at 988; *Mullis*, 828 F.2d at 1388.

20     **A.**    **The First Claim For Cancellation Of Void Contract And Breach Of Contract**
21           **Fails Against Old Republic**

22       Plaintiff alleges that the loan was unconscionable and seeks to cancel these documents.

23 The doctrine of unconscionability of contracts is not an affirmative cause of action but is a defense

24 to the enforcement of the contract. Thus, if a court, as a matter of law, finds a contract or any

25 clause of a contract to have been unconscionable at the time it was made, the court may refuse to

26 enforce the contract or enforce the remainder of the contract without the unconscionable clause.

27 *See* Civ. Code § 1670.5(a); *Crippen v. Central Valley RV Outlet, Inc*., 124 Cal. App. 4th 1159,

28 1164 (2004). Plaintiff cannot assert this defense unless and until defendants seek to enforce the

1  deed of trust.  Defendants have not filed any action to enforce the contract and, thus, this defense
2  is unavailable to plaintiff.
3       Moreover, plaintiff seeks to cancel the loan documents.  Civil Code section 3412 provides
4  that:

> A written instrument, in respect to which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

Notes and deeds of trust may be cancelled, for example, where fraud makes the instruments void or voidable.  *Fleming v. Kagan* (1961) 189 Cal.App.2d 791, 796-97.  Further, "[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction."  *Id.* at 796.

California Civil Code section 1688 provides that "a contract is extinguished by its rescission."  In order to rescind a contract, the rescinding party must restore all consideration to the other party that was received under the contract.  *See* Civ. Code § 1691(b); *Runyan v. Pacific Air Industries*, 2 Cal. 3d 304, 311-313 (1970).

Plaintiff seeks to cancel or rescind the loan but does not offer to actually tender or allege that she can return the loan proceeds that she received.

Lastly, plaintiff's claim for rescission or cancellation of the loan documents is time-barred by the 5-year statute of limitations.  *See Robertson v. Superior Court*, 90 Cal. App. 4th 1319, 1328 (2001).  The loan was entered into in 2006 and this action was not filed until 2013.  Thus, the request for rescission fails.

Moreover, plaintiff alleges a breach of contract, but there are no facts that plaintiff and Old Republic were in any contract.  Without any contractual arrangement, the breach of contract claim fails.

**B.     The Second Claim For Fraud Fails Because It Is Not Sufficiently Pleaded Against Old Republic**

The elements for fraud are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of the statement's falsity (scienter); (c) intent to defraud (i.e., to induce action in reliance on the misrepresentation); (d) justifiable reliance; and (e) resulting damage. *See, e.g., Flaxel v. Johnson*, 541 F.Supp.2d 1127, 1145 (S.D. Cal. 2008); *Johnson v. First Fed. Bank of California*, 2008 WL 2705090, at *5 (N.D. Cal. 2008); *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996).

Under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), "[i]n alleging fraud…, a party must state with particularity the circumstances constituting fraud…."  Rule 9(b) governs plaintiffs' complaint even if it was filed in state court before the case was removed to federal court. *See, e.g., Lopez v. GMAC Mortgage Corp.*, 2007 WL 3232448, at *4 (N.D. Cal. 2007); *see also* Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court.").

To satisfy Rule 9(b)'s standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc)); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").

In a fraud action against a corporation, the complaint must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Saldate v. Wilshire Credit Corp.*, 686 F.Supp.2d 1051, 1064 (E.D. Cal. 2010), quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

When suing multiple defendants for fraud, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are

attributable to them and what fraudulent conduct they are charged with.' " *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Cal. 1998), quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Cal. 1988).  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007).

The fraud claim fails against Old Republic.  There are absolutely no allegations that Old Republic made any statements at any time to plaintiff.  The fraud claim fails to offer any specific facts that any authorized representative for Old Republic made any fraudulent statements to plaintiff at any time.  The complaint is devoid of what was said, by whom, when it was said and how it was communicated.  Accordingly, the motion to dismiss should be granted.

**C.   The Fourth Claim For Quiet Title Fails Because Old Republic Because It Does Not Have An Adverse Interest In The Property**

An action for quiet title is brought to establish a person's right to title as to adverse claims. (Cal. Civ. Proc. Code § 760.020(a).)  A "claim" is defined as "[a] legal or equitable right, title, estate, lien, or interest in property or cloud upon title."  (Cal. Civ. Proc. Code § 760.010(a).)  A complaint for quiet title must be verified, include a legal description and property address and the bases for plaintiff's claim to title.  (Cal. Civ. Proc. Code § 761.020(a)-(b).)  Further, the complaint must also state the adverse claims to the title and a date on which a determination of title is sought. (Cal. Civ. Proc. Code § 761.020(c)-(d).)

Plaintiffs cannot seek to quiet title unless they have fully paid the loan that they obtained for the Property.  "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); see *Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974)  (a trustor is unable to quiet title "without discharging his debt"); *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1170 (E.D. Cal. 2010).

1    Plaintiff's quiet title claim fails for at least two reasons.  First, the quiet title claim fails
2 against Old Republic.  As a trustee, Old Republic is not claiming any adverse interest in the
3 subject Property.

4    Second, plaintiff still owes money on the loan for the Property and cannot have title to the
5 Property until the entire debt is paid.  Hence, the quiet title claim fails as a matter of law.

6 **D.    The Fifth Claim For Declaratory Relief Fails Because There Is No Actual
7        Controversy Between Plaintiff And Old Republic**

8    Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate
9 pleading, may declare the rights and other legal relations of any interested party seeking such
10 declaration, whether or not further relief is or could be sought."  A claim for declaratory relief
11 "rises or falls with [the] other claims."  *See Surf & Sand, LLC v. City of Capitola*, 2008 WL
12 2225684, at *2 n. 5 (N.D. Cal. May 28, 2008).

13   Declaratory relief, however, may be unnecessary where an adequate remedy exists under
14 some other cause of action.  *Sorrels v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 2011 WL
15 662980, *6 (S.D. Cal. Feb. 14, 2011).

16   The complaint is nearly devoid of any allegations that Old Republic should be liable to
17 plaintiffs for any remedies or for any damages.  As alleged, Old Republic is a trustee under a deed
18 of trust.  Civil Code section 2924*l* ("Section 2924*l*") defines the contours of the duties of a trustee
19 under a deed of trust.  Under Section 2924*l* and Civil Code section 2924(b), a trustee is just a
20 nominal party to litigation because it acts under direction from the beneficiary of a deed of trust.
21 Indeed, its acts as a trustee are privileged.  *See* Cal. Civ. Code § 2924(d).  "The trustee under deed
22 of trust is not a true trustee, and owes no fiduciary obligations ... the trustee's only obligations are:
23 (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon
24 satisfaction of the secured debt to reconvey the deed of trust."  *Lopez v. JP Morgan Chase Bank,*
25 *Nat. Ass'n*, 2012 WL 2953065, at *6 (E.D. Cal. July 19, 2012) citing *Heritage Oaks Partners v.*
26 *First Am. Title Ins. Co.*, 155 Cal. App. 4th 339, 345 (2007).

27   Here, Old Republic was the properly substituted trustee under the deed of trust.  Civil Code
28 section 2934a specifically permits the substitution of trustees under a deed of trust.  A trustee

named in a recorded substitution of trustee is authorized to act as the trustee from the date the substitution of trustee is executed. *See* Cal. Civ. Code § 2934a(d). Once the substitution of trustee is recorded, the substitution of trustee "[s]hall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section." *See id.*

On September 21, 2012, Nationstar Mortgage substituted the trustee on the Deed of Trust for the Property to Old Republic. *See* Ex. 5 to RJN. On March 5, 2013, Old Republic executed the notice of default and the subsequent notice of rescission of the same. *See* Ex. 6 to RJN. Hence, the substitution of trustee was proper and fully complied with Civil Code section 2934a.

As Old Republic was properly substituted as the trustee, the allegations to the contrary lack any factual support.

### E. The Sixth Claim For Alleged Unfair Competition Against Old Republic Fails Because Plaintiffs Fails To Allege Standing To Sue And The Claim Is Insufficiently-Pleaded

Under California Business and Professions Code section 17200 ("Section 17200"), unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." *See* Cal. Bus. & Prof. Code § 17200. An act is "unlawful" under Section 17200 if it violates an underlying state or federal statute or common law. *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). An act is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." *Id*. at 187. A practice is "fraudulent" if members of the public are likely to be deceived. *See Committee on Children's Television, Inc. v. Gen'l Foods Corp.*, 35 Cal. 3d 197, 211 (1983).

California Business and Professions Code section 17500 ("Section 17500") prohibits the dissemination of false or misleading statements in connection with advertising. *See* Cal. Bus. & Profs. Code §17500; *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 207 (1983). To state a claim under Section 17500, a plaintiff must establish that "members of the public are likely to be deceived" by an entity's misleading advertising statements. *In re*

1 *Tobacco II Cases*, 46 Cal. 4th 298, 311 (2009); *Lavie v. Procter & Gamble Co*., 105 Cal. App. 4th 496, 512 (2003) (standard for claims under Section 17500 is whether "the ordinary consumer acting reasonably under the circumstances" is likely to be deceived or misled).

A plaintiff alleging unfair business practices under Section 17200 must state with reasonable particularity the facts supporting the statutory elements of the violation. *See Silicon Knights, Inc. v. Crystal Dynamics, Inc*., 983 F.Supp. 1303, 1316 (N.D. Cal. 1997) (*quoting Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993)).

An "unfair practices claim under section 17200 cannot be predicated on vicarious liability because a defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the *practices that are found to violate section 17200 or 17500."* Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 960 (2002); *Morfin v. Accredited Home Lenders, Inc*., 2010 WL 391838, at *7 (S.D. Cal. Jan. 26, 2010). Thus, plaintiff cannot simply lump all defendants together without identifying which defendant is responsible for her alleged injuries. *See Fortaleza v. PNC Fin. Services Group, Inc*., 642 F. Supp. 2d 1012, 1019-20 (N.D. Cal. 2009).

Further, to sufficiently allege a Section 17200 claim, plaintiff "must have suffered an 'injury in fact' and 'lost money or property as a result of such unfair competition.'" *Hall v. Time Inc*., 158 Cal. App. 4th 847, 849 (2008); *Ruiz v. Gap, Inc*., 540 F.Supp.2d 1121, 1127 (N.D. Cal. 2008).

Here, plaintiff's Section 17200 claim fails on all counts against Old Republic. The Section 17200 claim is based on allege problems with the loan origination and the marketing of the loan. *See* Compl., ¶¶ 226 to 239. However, Old Republic was not involved in marketing or providing the loan to plaintiff. As a matter of law, Old Republic cannot be vicariously liable for the alleged conduct of the other defendants.

Plaintiff does allege fraud in connection with the recording of the foreclosure documents. *See* Compl., ¶ 240. Any claim resting on fraud is subject to the heightened pleading standards under Federal Rule of Civil Procedure 9(c) which requires specific facts: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

12219.0058/3126073.1 -9-

Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." As stated by the Ninth Circuit, "the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). There are no specific facts relating to the alleged fraud for the recorded foreclosure documents.

As the Section 17200 and 17500 claims fail as a matter of law, the motion to dismiss should be granted without leave to amend.

### F. The Seventh Cause Of Action For Breach Of Implied Covenant Of Good Faith Fails Because Old Republic Does Not Owe Plaintiff Any Duties As A Matter Of Law

The "implied covenant tort" is not available to parties of an ordinary commercial transaction where the parties deal at arms' length, such as in a common lender/borrower relationship. *See Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 730-31 (1989). California courts do not invoke a special relationship between a lender and borrower. *See Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993) ("the relationship of a bank-commercial borrower does not constitute a special relationship for the purposes of the covenant of good faith and fair dealing").

Plaintiff was not in a special or fiduciary relationship with Old Republic, because as a matter of law, Old Republic does not owe any fiduciary duties to plaintiff.

## IV. CONCLUSION

For all the foregoing reasons, Old Republic requests the Court to grant the motion to dismiss or for judgment on the pleadings without leave to amend.

DATED: March 19, 2014

SEVERSON & WERSON
A Professional Corporation

By:  */s/ David M. Liu*
         DAVID M. LIU
Attorneys for Defendant
OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, a Division of Old Republic National Title Insurance Company

# PROOF OF SERVICE
## *Ciociolo v. Barclays Bank, PLC, et al.*

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On March 19, 2014, I served true copies of the following document(s): **DEFENDANT OLD REPUBLIC DEFAULT MANAGEMENT SERVICES' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); OR ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 19, 2014, at Irvine, California.

_____
RYAN J. BROOKS

12219.0058/3126073.1

**SERVICE LIST**
*Ciociolo v. Barclays Bank, PLC, et al.*

| | |
|---|---|
| Tala Rezai, Esq.<br>Erikson M. Davis<br>REAL ESTATE LAW CENTER, PC<br>695 South Vermont Avenue, Suite 1100<br>Los Angeles, CA  90005 | Attorneys for Plaintiff DORI CIOCIOLO<br><br>Telephone:     213.201.6384<br>Facsimile:      877.277.4763<br>Email: tala@lenderlawlitigation.com<br>           erikson@lenderlawlitigation.com |
| Ashley Fickel<br>DYKEMA GOSSETT LLP<br>333 South Grand Ave., Suite 2100<br>Los Angeles, CA 90071 | Attorneys for Defendants NATIONSTAR MORTGAGE, LLC; AURORA LOAN SERVICES, LLC; AURORA COMMERCIAL CORPORATION; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>Telephone:     213.457.1800<br>Facsimile:      213.457.1850<br>Email:           afickel@dykema.com |

12219.0058/3126073.1

PROOF OF SERVICE