**DYKEMA GOSSETT LLP**
Ashley R. Fickel (SBN 237111)
afickel@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:(213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendants
NATIONSTAR MORTGAGE, LLC; AURORA LOAN SERVICES, LLC;
AURORA COMMERCIAL CORP.; and MORTGAGE ELECTRONIC
REGISTRATIONS SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORI CIOCIOLO, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>BARCLAYS BANK, PLC, a subsidiary of BARCLAYS PLC, as successor in interest to LEHMAN BROTHERS BANK, FSB, a national banking institution; AURORA LOAN SERVICES LLC, a business entity; NATIONSTAR MORTGAGE LLC, a business entity; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, a business entity; MORTGAGE ELECTRONIC REGISTRATION SYSTSMS INC., a business entity; and DOES 1 through 10 inclusive,<br><br>    Defendant. | Case No. 3:13-cv-03929-MEJ<br><br>Hon. Magistrate Judge Maria-Elena James<br><br>**DEFENDANTS NATIONSTAR MORTGAGE LLC, AURORA LOAN SERVICES, LLC; AURORA COMMERCIAL CORP.; AND MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:          May 1, 2014<br>Time:         10:00 a.m.<br>Crtrm:       B, 15th Floor<br>Location:    San Francisco Courthouse<br>                   Courtroom B, 15th Floor<br>                   450 Golden Gate Avenue<br>                   San Francisco, CA  94102<br><br>Action Filed:      July 22, 2013<br>Trial Date:         None Set |

NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on Thursday, May 1, 2014, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom B, 15th Floor, of the United States District Court for the Northern District of California, Magistrate Maria-Elena James presiding, located at San Francisco Courthouse, Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, defendants NATIONSTAR MORTGAGE, LLC; AURORA LOAN SERVICES, LLC; AURORA COMMERCIAL CORP.; and MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. (collectively "Defendants"), will and hereby move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing all claims in the Complaint filed by Plaintiff Dori Ciociolo ("Plaintiff") in its entirety and with prejudice, on the grounds that the Court lacks subject matter jurisdiction to hear this matter, and that the Complaint fails to state a claim for which relief can be granted against Defendants.  In the alternative, Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

This Motion is based on this Notice and the accompanying Memorandum of Points and Authorities and Request for Judicial Notice filed concurrently herewith, the complete file and records of this action, and such other oral and documentary evidence as may be presented at the time of hearing.

Dated:  April 1, 2014                    DYKEMA GOSSETT LLP

By:/s/*Ashley R. Fickel*
    Ashley R. Fickel
    Attorneys for Defendants
    NATIONSTAR MORTGAGE, LLC;
    AURORA LOAN SERVICES, LLC;
    AURORA COMMERCIAL CORP.;
    and MORTGAGE ELECTRONIC
    REGISTRATIONS SYSTEMS, INC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Seven years after entering into a mortgage loan, Plaintiff Dori Ciociolo has filed suit against her former loan servicers, defendants Aurora Loan Services LLC and Aurora Commercial Corp.[1], Mortgage Electronic Registrations Systems, Inc. ("MERS"), and the current servicer of her mortgage loan, Nationstar Mortgage LLC ("Nationstar") (collectively Aurora Loan Services, Aurora Commercial Corp., MERS, and Nationstar are referred to herein as "Defendants") complaining about the original terms of the loan.  In a rambling forty-eight page Complaint, Plaintiff sets for a litany of complaints, which either have nothing to do with the conduct of any of the named defendants, fail to specifically identify the alleged acts and omissions made by each defendant, and do not state any viable claims.  Plaintiff's Complaint fails for at least the following reasons:

*First*, Plaintiff claim for cancellation of her mortgage loan documents fails because it is barred by the five-year statute of limitations.  Plaintiff entered into in her mortgage loan in 2006, but did not file suit until seven years later.  Moreover, Plaintiff's cancellation claim fails because Plaintiff has not tendered the balance of her loan.

*Second*, Plaintiff's claim for fraud also is barred by the four-year statute of limitations for fraud claims.  Moreover, Plaintiff's fraud claim is insufficiently plead against Defendants because it fails to identify who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.  As a result, Plaintiff's fraud claim fails to meet the heightened pleading standard for fraud.

---

[1] On April 27, 2009, Lehman Brothers Bank, FSB changed its corporate title to Aurora Bank, FSB. Aurora Commercial Corp. is the successor corporation to Aurora Bank, FSB. Aurora Commercial Corp. is a Delaware corporation with its principal place of business in Littleton, Colorado. Aurora Commercial Corp. therefore responds to the Complaint as the true successor to Lehman Brothers Bank, FSB.  Aurora Commercial Corp., through undersigned counsel, consents to removal of this action.

NOTICE OF MOTION AND MOTION TO DISMISS

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

*Third*, Plaintiff's claim for breach of fiduciary duty is also barred by the four-year statute of limitations. Moreover, Plaintiff's claim fails because commercial lenders do not owe borrowers fiduciary duties.

*Fourth*, Plaintiff's claim for quiet title fails because Plaintiff does not allege that she can or will tender the balance of her mortgage loan. Absent such an allegation, Plaintiff's quiet title cannot survive.

*Fifth*, Plaintiff's claim for declaratory relief fails because it is purely derivative of Plaintiff's other failed claims.

*Sixth*, Plaintiff's claim for violation of California Business and Professions Code section 17200 also fails because it is derivative of other failed claims. Moreover, Plaintiff fails to allege that she has standing to bring a claim under Section 17200 because she does not allege that she has sustained an "injury in fact." And to the extent that Plaintiff is attempting to plead a claim under Business and Professions Code section 17500 (false advertising statute), that claim fails because Plaintiff does not allege that any of Defendants engaged in any advertising, let alone any false advertising.

*Finally*, Plaintiff's breach of covenant of good faith and fair dealing claim fails because Nationstar was entitled, pursuant to the terms of Plaintiff's mortgage loan, to record a Notice of Default after Plaintiff's admitted default. Moreover, none of the Defendants owed Plaintiff a special duty and thus cannot be liable to Plaintiff for an alleged breach of the covenant of good faith and fair dealing.

Based on the serious deficiencies in Plaintiff's Complaint, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice.

## II.   FACTUAL BACKGROUND

On December 7, 2006, plaintiff Dori Ciociolo obtained a $650,000 mortgage loan from Lehman Brothers Bank, FSB. The mortgage loan was secured by a deed of trust (the "Deed of Trust") that secured property located at 2087 Blucher Valley

NOTICE OF MOTION AND MOTION TO DISMISS

Road, Sebastopol, California 95472 (the "Property"). *See* Ex. 1 to Defendants'
Request for Judicial Notice ("RJN").

On April 26, 2011, the Deed of Trust was assigned to Aurora Loan Services,
LLC. *See* Ex. 2 to RJN. On December 8, 2011, the Deed of Trust was assigned to
Aurora Bank, FSB. *See* Ex. 3 to RJN. On June 29, 2012, the Deed of Trust was
assigned to Nationstar Mortgage LLC. *See* Ex. 4 to RJN.

On September 21, 2012, Nationstar substituted defendant Old Republic Default
Management Services as the trustee on the Deed of Trust. *See* Ex. 5 to RJN. Plaintiff
defaulted on the Deed of Trust and Old Republic recorded a notice of default against
the Property on March 27, 2013. *See* Ex. 6 to RJN. On July 23, 2013, Old Republic
recorded a Notice of Rescission of the Notice of Default. See Ex. 7 to RJN. Since
Plaintiff filed the subject action, there has been no pending foreclosure.[2]

## III.   ARGUMENT

### A.   Legal Standard

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is
proper where there is either "a lack of a cognizable legal theory" or "the absence of
sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police
Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A sufficient complaint "demands more
than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 570 (2007)). A plaintiff must provide "more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.
"Threadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court need not
"assume the truth of legal conclusions merely because they are cast in the form of
factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

[2] The Complaint also contains allegations regarding misapplication of payments concerning Plaintiff's second mortgage. Compl. ¶¶ 67-93, but Plaintiff has failed to tie these allegations to any cause of action against any of the Defendants.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1  (9th Cir. 2003). Moreover, dismissal without leave to amend is appropriate where

2  proposed amendments would fail to cure the pleading deficiencies and amendment

3  would be futile. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911

4  F.2d 242, 247 (9th Cir. 1990) (per curium). Applying this standard, the Court should

5  dismiss Plaintiff's Complaint in its entirety with prejudice.

6  **B.    The First Claim For Cancellation Of Void Contract Is Barred by**

7  **The Statute of Limitations and For Other Reasons.**

8      In her first cause of action for void contract and breach of contract, Plaintiff

9  alleges that her mortgage loan was unconscionable and seeks to cancel documents

10  regarding her mortgage loan. As set for the below, Plaintiff's claim for cancellation

11  fails for multiple reasons.

12      First and foremost, Plaintiff's claim for rescission or cancellation of the loan

13  documents is time-barred by the 5-year statute of limitations. *See Robertson v.*

14  *Superior Court*, 90 Cal. App. 4th 1319, 1328 (2001). The loan was entered into in

15  2006 and this action was not filed until 2013 – more than seven years after Plaintiff

16  obtained her loan. Thus, Plaintiff's first cause of action is barred by the statute of

17  limitations.

18      Even if Plaintiff's claim for cancellation was not time-barred, it fails for

19  additional reasons. The doctrine of unconscionability of contracts is not an

20  affirmative cause of action but is a defense to the enforcement of the contract. Thus,

21  if a court, as a matter of law, finds a contract or any clause of a contract to have been

22  unconscionable at the time it was made, the court may refuse to enforce the contract

23  or enforce the remainder of the contract without the unconscionable clause. *See* Cal.

24  Civ. Code § 1670.5(a); *Crippen v. Central Valley RV Outlet, Inc.*, 124 Cal. App. 4th

25  1159, 1164 (2004). Plaintiff cannot assert this defense unless and until defendants

26  seek to enforce the deed of trust. Defendants have not filed any action to enforce the

27  contract and, thus, this defense is unavailable to plaintiff.

28      Moreover, plaintiff seeks to cancel the loan documents. Civil Code section

6

3412 provides that:

> A written instrument, in respect to which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

Notes and deeds of trust may be cancelled, for example, where fraud makes the instruments void or voidable. *Fleming v. Kagan* (1961) 189 Cal.App.2d 791, 796-97. Further, "[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction." Id. at 796.

California Civil Code section 1688 provides that "a contract is extinguished by its rescission." In order to rescind a contract, the rescinding party must restore all consideration to the other party that was received under the contract. See Civ. Code § 1691(b); *Runyan v. Pacific Air Industries*, 2 Cal. 3d 304, 311-313 (1970). Plaintiff seeks to cancel or rescind the loan but does not offer to actually tender or allege that she can return the loan proceeds that she received. As a result, Plaintiffs' claim for cancellation fails for these additional reasons and should be dismissed.

## C. Plaintiff's Fraud Claim Is Barred By the Statute of Limitations and Is Insufficiently Pleaded Against Defendants.

Plaintiff's second claim for fraud related to conduct at the loan's origination. As set forth above, Plaintiff took out the subject mortgage loan in 2006. The statute of limitations for fraud is four years. Cal. Civ. Code § 337. Thus, in order for Plaintiff to file a timely fraud claim, she should have filed suit in 2010, ***not 2013.***

In addition to being time-barred, Plaintiff's fraud claim fails because it is not sufficiently plead. The elements for fraud are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of the statement's falsity (scienter); (c) intent to defraud (i.e., to induce action in reliance on the misrepresentation); (d) justifiable reliance; and (e) resulting damage. *See e.g., Flaxel*

7

1  *v. Johnson*, 541 F.Supp.2d 1127, 1145 (S.D. Cal. 2008); *Johnson v. First Fed. Bank*
2  *of California*, 2008 WL 2705090, at *5 (N.D. Cal. 2008); *Lazar v. Superior Court*, 12
3  Cal.4th 631, 638 (1996).

4        Under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), "[i]n alleging fraud.
5  . ., a party must state with particularity the circumstances constituting fraud...." Rule
6  9(b) governs plaintiffs' complaint even if it was filed in state court before the case
7  was removed to federal court. *See e.g., Lopez v. GMAC Mortgage Corp.*, 2007 WL
8  3232448, at *4 (N.D. Cal. 2007); *see also* Fed. R. Civ. P. 81(c) ("These rules apply to
9  a civil action after it is removed from a state court.").  To satisfy Rule 9(b)'s standard,
10 the complaint must allege "particular facts going to the circumstances of the fraud,
11 including time, place, persons, statements made and an explanation of how or why
12 such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007 WL
13 3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541,
14 1547-48 n.7 (9th Cir. 1994) (en banc)); *see also Schreiber Distrib. Co. v. Serv-Well*
15 *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the
16 pleader must state the time, place, and specific content of the false representations as
17 well as the identities of the parties to the misrepresentation.").

18        In a fraud action against a corporation, the complaint must "allege the names of
19 the persons who made the allegedly fraudulent representations, their authority to
20 speak, to whom they spoke, what they said or wrote, and when it was said or written."
21 *Saldate v. Wilshire Credit Corp.*, 686 F.Supp.2d 1051, 1064 (E.D. Cal. 2010),
22 quoting *Tarmann v. State Farm Mut. Auto. Ins*. Co., 2 Cal.App.4th 153, 157 (1991).
23 When suing multiple defendants for fraud, a plaintiff "must provide each and every
24 defendant with enough information to enable them 'to know what misrepresentations
25 are attributable to them and what fraudulent conduct they are charged with.'"
26 *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163
27 (C.D. Cal. 1998), quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433
28 (N.D. Cal. 1988).  "Rule 9(b) does not allow a complaint to merely lump multiple

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

8

defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007).

The fraud claim fails to state a claim against Aurora Loan Services, Nationstar, or MERS. There are absolutely no allegations that these defendants made any statements at any time to Plaintiff. The fraud claim fails to offer any specific facts that any authorized representative for Defendants made any fraudulent statements to plaintiff at any time. Put simply, the Complaint fails to allege what was said, by whom, when it was said and how it was communicated. Accordingly, Plaintiff's fraud claim is not plead with sufficient specificity and should be dismissed.

### D. Plaintiff's Breach of Fiduciary Duty Claim Fails.

Plaintiff's breach of fiduciary claim against Lehman Brothers Bank, FSB is barred by the four-year statute of limitations for breach of fiduciary duty claims. Cal. Civ. Pro. Code § 343(a); *See William L. Lyon & Associates, Inc. v. Superior Court*, 204 Cal. App. 4th 1294, 1312 (2012). Plaintiff's breach of fiduciary claim also fails for the simple reason that Lehman Brothers Bank, FSB did not owe Plaintiff a fiduciary duty. California law does not recognize a fiduciary relationship between a bank and its borrowers. "It has long been regarded axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor. A debt is not a trust and there is not a fiduciary relation between a debtor and creditor as such. The same principle should apply with even greater clarity to the relationship between a bank and its loan customers." *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) (internal quotations and citations omitted) (emphasis added). Many courts in California have consistently applied this legal principle. *See e.g., Das v. Bank of America, N.A.* 186 Cal. App. 4th 727, 740 (2010) (holding that "a loan does not establish a fiduciary relationship between a commercial bank and its debtor"); *Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993) (holding that "a

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

9

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1 debt is not a trust and there is not a fiduciary relation between debtor and creditor as

2 such. The same principle should apply with even greater clarity to the relationship

3 between a bank and its loan customers"); *Taguinod v. World Savings Bank*, 2010 WL

4 5185845 at * 8 (C.D. Cal 2010) (dismissing a claim for breach of fiduciary duty

5 because "lenders do not owe a fiduciary duty to borrowers."). Consequently,

6 Plaintiff's breach of fiduciary duty claim fails for this additional reason.

7   **E.**   **Plaintiff's Quiet Title Claim Fails For Lack of Tender.**

8   Plaintiff's claim for quiet title fails for the simple reason that Plaintiff

9 has failed to allege an offer of tender or allege that she has tendered the balance

10 of her mortgage loan. It is black-letter law that to make out a claim for quiet

11 title, Plaintiff must allege tender or an offer of tender. *Arnolds Mgmt. Corp. v.*

12 *Eischen*, 158 Cal.App.3d 575, 578 (1984); *Garcia v. Wachovia Mortg. Corp.*

13 2009 WL 3837621 (C.D. Cal. Oct. 14, 2009). Under California law, a

14 borrower may not quiet title against a mortgagee without first paying the

15 outstanding debt on the property. *Kelley v. Mortgage Elec. Registration Sys.*,

16 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009); *Nool v. HomEq Servicing*,

17 653 F.Supp.2d 1047 (E.D. Cal. 2009); *Rivera v. BAC Home Loans Servicing,*

18 *L.P.*, 2010 WL 2757041, at *8 (N.D. Cal. July 9, 2010); *Mix v. Sodd*, 126

19 Cal.App.3d 386, 390 (1984). If Plaintiff is without the means to return what

20 she borrowed, she cannot seek to cancel the operative instruments in the guise

21 of a quiet title claim.

22   Here, Plaintiff has failed to allege that she has tendered or offered to

23 tender the balance of her mortgage loan. Nor does the Complaint contain an

24 allegation that the debt has otherwise been satisfied and therefore that the

25 Property should be declared mortgage-free. Accordingly, there is no basis to

26 quiet title in Plaintiff, just as there is absolutely no basis pleaded in the

27 Complaint to grant Plaintiff any relief.

28

10

**F.    Plaintiff's Claim for Declaratory Relief is Derivative of Plaintiff's Other Failed Claims.**

"A claim for relief is not a stand-alone claim, but rather depends on whether Plaintiff has stated some other basis for liability." *Lindsay v. America's Wholesale Lender*, 2012 WL 83475 (C.D. Cal. 2012). Here, as explained above, none of the claims alleged by Plaintiff against Defendants state a claim upon which relief can be granted. Because none of Plaintiff's substantive claims against Defendants can survive Defendants' Motion to Dismiss, Plaintiff's declaratory relief must also fail. *Id.* (dismissing declaratory relief cause of action when other the plaintiff's underlying claims failed to state a cause of action against the defendant.).

**G.    Plaintiff's UCL Claim Fails For Multiple Reasons.**

Plaintiff's claim for violation of California Business and Profession Code section 17200 ("UCL Claim") fails because it is entirely derivative of Plaintiff's other claims. Because Plaintiff's other claims fail (see above), so too must this one. *See e.g. Taguinod v. World Savings Bank*, 2010 WL 5185845, at * 8 (C.D. Cal 2010) ("Liability under the UCL is generally derivative of liability under another statutory violation. Here, because there are no remaining causes of action, derivative liability under the UCL would be impossible"); *Krantz v. BT Visual Images, LLC*, 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive cause of action); *People v. Duz-Mort Diagnostic Lab., Inc.* (1998) 68 Cal.App.4th 654, 673 (a defense to the underlying offense is a defense under the UCL); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001) (dismissing § 17200 action where underlying fraud claim was insufficient as a matter of law).

Plaintiff's claim under the UCL fails for additional reasons. Under California Business and Professions Code section 17200 ("Section 17200"), unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." See Cal. Bus. & Prof. Code § 17200.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

An act is "unlawful" under Section 17200 if it violates an underlying state or federal statute or common law. *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). An act is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." *Id.* at 187. A practice is "fraudulent" if members of the public are likely to be deceived. *See Committee on Children's Television, Inc. v. Gen'l Foods Corp.*, 35 Cal. 3d 197, 211 (1983).

A plaintiff alleging unfair business practices under Section 17200 must state with reasonable particularity the facts supporting the statutory elements of the violation. *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1316 (N.D. Cal. 1997) (quoting *Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993)).

An "unfair practices claim under section 17200 cannot be predicated on vicarious liability because a defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate section 17200 or 17500." *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 960 (2002); *Morfin v. Accredited Home Lenders, Inc.,* 2010 WL 391838, at *7 (S.D. Cal. Jan. 26, 2010). Thus, Plaintiff cannot simply lump all defendants together without identifying which defendant is responsible for her alleged injuries. *See Fortaleza v. PNC Fin. Services Group, Inc.*, 642 F. Supp. 2d 1012, 1019-20 (N.D. Cal. 2009).

Here, plaintiff's Section 17200 claim fails on all counts against Defendants. The Section 17200 claim is based on alleged acts and omissions with regard to the loan origination and the marketing of the loan. See Compl., ¶¶ 226 to 239. However, Defendants were not involved in marketing or providing the loan to plaintiff. As a matter of law, Defendants cannot be vicariously liable for the alleged conduct of the other defendants. Further, to sufficiently allege a Section 17200 claim, plaintiff

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS

1   "must have suffered an 'injury in fact' and 'lost money or property as a result of such

2   unfair competition.'" *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849 (2008); *Ruiz v.*

3   *Gap, Inc.*, 540 F.Supp.2d 1121, 1127 (N.D. Cal. 2008). Here, Plaintiff fails to

4   identify what money or property she lost as a result of any act or omission by

5   Defendants.

6      To the extent that Plaintiff alleges fraud in connection with the recording of the

7   foreclosure documents, this portion of her UCL claim is insufficiently plead. *See*

8   Compl., ¶ 240. Any claim resting on fraud is subject to the heightened pleading

9   standards under Federal Rule of Civil Procedure 9(c) which requires specific facts:

10   "In alleging fraud or mistake, a party must state with particularity the circumstances

11   constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a

12   person's mind may be alleged generally." As stated by the Ninth Circuit, "the claim is

13   said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim

14   as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-*

15   *Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Here, there are no

16   specific facts relating to the alleged fraud for the recorded foreclosure documents.

17      Although Plaintiff's claim is styled as a claim under Section 17200, Plaintiff's

18   sixth cause of action also alleges that Defendants violated Section 17500. Section

19   17500 prohibits the dissemination of advertising materials that are "untrue or

20   misleading, and which [are] known, or which by the exercise of reasonable care

21   should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

22   Section 17500 is California's "false advertising law," and thus applies to the

23   "narrower field of false and misleading advertising." *Kwikset*, 51 Cal. 4th at 21.

24   Section 17500 therefore prohibits "advertising property or services with untrue or

25   misleading statements or with the intent not to sell at the advertised price." *McCann*

26   *v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382, 1388 (2005) As a result, Plaintiff must

27   allege that Defendants' alleged misrepresentations took place in the course of

28   "advertising property or services" to state a Section 17500 claim for relief.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1 Advertising generally means "widespread promotional activities directed to the

2 public at large." *Peerless Lighting Corp. v. American Motorists Inc. Co.*, 82 Cal.

3 App. 4th 995, 1009 (2000) (construing term in context of insurance policy). Black's

4 Law Dictionary similarly defines "advertising" as the "action of drawing the public's

5 attention to something to promote its sale." Black's Law Dictionary (9th ed). As the

6 California Court of Appeal put it, to "advertise" is the "act of bringing anything, as

7 one's wants or business, into public notice, as by paid announcement in periodicals,

8 or by handbills, placards, etc., as to secure customers by advertising. *People v.*

9 *McKean*, 76 Cal. App. 114, 118 (1925).

10      Plaintiff, however, does not even attempt to reach this standard because she

11 fails to allege that Defendants engaged in any widespread promotional activities

12 directed to the public at large or that Defendants even made any representations to

13 Plaintiff. As a result, Plaintiff's claim under Section 17500 fails.

14      As the Section 17200 and 17500 claims fail as a matter of law, the motion to

15 dismiss should be granted without leave to amend.

16      **H.      Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing**

17              **Fails Because Nationstar did not Breach the Covenant And None of**

18              **the Defendants Owe Plaintiffs Any Duty.**

19      Plaintiff's next claim is based on a false premise. Plaintiff presumes that just

20 because Nationstar enforced it rights under the Deed of Trust by recording a notice of

21 default (that it subsequently rescinded), that all Defendants breached an implied

22 covenant. This claim fails because the implied covenant "cannot impose substantive

23 duties or limits on the contracting parties beyond those incorporated in the specific

24 terms of their agreement." *Agosta v. Astor*, 120 Cal.App. 4th 596, 607 (2004). *See*

25 *also, Carma Developers Inc. v. Marathon Development California, Inc.*, 2 Cal.4th

26 342, 373 (1992) (holding that "it is universally recognized that the scope of the

27 conduct prohibited by the covenant of good faith is circumscribed by the purposes

28 and express terms of the contract."). In other words, once Plaintiff breached the Loan

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1  Agreement , it was not a breach of the implied covenant for Nationstar to exercise its

2  contractual remedies — including choosing to proceed with a non-judicial

3  foreclosure. *See e.g., Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 479 (1989)

4  (holding that the implied covenant of good faith imposed no duty on defendants to

5  forbear from exercising a remedy that the Deed of Trust expressly granted to them

6  upon Plaintiff's default). The implied covenant is designed to ensure that the parties

7  get the benefit of their bargain, not to re-write the contract in such a way as to confer

8  a windfall on one party while at the same time depriving the other party of their

9  express contractual remedies. Here, Nationstar ***rescinded*** the Notice of Default and

10  halted procedure. And Plaintiff does not allege that Nationstar is pursuing

11  foreclosure at this time. Thus, there is no substantive allegation that any of the

12  Defendants have breached the implied covenant of good faith.

13      Moreover, the "implied covenant tort" is not available to parties of an ordinary

14  commercial transaction where the parties deal at arms' length, such as in a common

15  lender/borrower relationship. *See Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App.

16  3d 726, 730-31 (1989). California courts do not invoke a special relationship

17  between a lender and borrower. *See Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974,

18  979 (1993) ("the relationship of a bank-commercial borrower does not constitute a

19  special relationship for the purposes of the covenant of good faith and fair dealing").

20  Plaintiff was not in a contractual relationship let alone a special or fiduciary

21  relationship with Defendants. Consequently, Defendants do not owe duties to

22  Plaintiff.

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS

1    **IV.    CONCLUSION**

2           For the foregoing reasons, Defendants respectfully request that the Court grant

3    their Motion to Dismiss without leave to amend.

4

5    Dated:  April 1, 2014                    DYKEMA GOSSETT LLP

6

7                                             By:/s/*Ashley R. Fickel*
                                                  Ashley R. Fickel
8                                                 Attorneys for Defendants
                                                  NATIONSTAR MORTGAGE, LLC;
9                                                 AURORA LOAN SERVICES, LLC;
                                                  AURORA COMMERCIAL CORP.;
10                                                and MORTGAGE ELECTRONIC
                                                  REGISTRATIONS SYSTEMS, INC.
11

12

13

14

15   PAS01\744510.1
     ID\ARF - 084912\0168
16

17

18

19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS

1

## **PROOF OF SERVICE**

2

3      I am employed in the County of Los Angeles, State of California.  I am over

4  the age of 18 and not a party to the within action.  My business address is 333 South
Grand Avenue, Suite 2100, Los Angeles, California  90071.

5

6      On April 1, 2014, I served the foregoing document described as
**DEFENDANTS NATIONSTAR MORTGAGE LLC, AURORA LOAN
SERVICES, LLC; AURORA COMMERCIAL CORP.; AND MORTGAGE

7  ELECTRONIC REGISTRATIONS SYSTEMS, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS** on all interested parties in this action as follows:

8  ☒    **(BY ELECTRONIC TRANSMISSION)** As addressed to all parties

9      appearing on the Court's ECF service list in this action via the Northern
District of California's Court's CM/ECF system, and shall be available for

10     viewing and downloading from the ECF system.

11

12 ☐    (BY E-Mail)  I caused such document to be transmitted by electronic format to
the office of the addressee(s) listed above.  I did not receive, within a

13     reasonable time after the transmission, any electronic message or other
indication that the transmission was unsuccessful.

14

15 ☒    (Federal) I declare that I am employed in the office of a member of the bar of
this court at whose direction the service was made.

16

17     Executed on April 1, 2014, at Los Angeles, California.

18

19                              /s/Ashley R. Fickel

20

21

22

23     PAS01\744531.1
ID\ARF – 084912/0168

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071